## Union Radiator Company, to use, v. Pritts et al.

*H. S. Endsley*, for plaintiff .

*Mahlon J. Baumgardner* and *D. P. Weimer*, for defendant.

GREER, J., April 18, 1932.—This is a rule to open or strike off a judgment on which an execution has issued. A former partnership had existed between the two defendants, Pritts and Miles. By the terms of a dissolution Pritts was to pay the debts of the firm and continue the business, and Miles was to retire. Just previous to the dissolution, assignments had been made to Union Radiator Company of certain book accounts due the partnership in payment of a debt due the said Union Radiator Company by the partnership. The claims so assigned were insufficient to pay the debts due Union Radiator Company in full, which company subsequently assigned its rights thereunder to National Radiator Corporation, which in turn brought an action of assumpsit against Pritts and Miles in which judgment was entered against them in the sum of $1214.40, with interest from March 7, 1927. The dissolution of the partnership had taken place on January 11, 1927, and the foregoing judgment was entered on November 23, 1928, and execution was issued thereon.

On November 24, 1928, a petition was presented for a rule to show cause why execution should not be stayed, and the defendant, Milford J. Miles, be permitted to defend, in which petition it was alleged that a written contract had been entered into between Pritts and Miles whereby the former was to pay the latter $2250 for his interest in the said partnership, and the said Ernest E. Pritts, as part consideration of the purchase of the partnership assets and property, agreed to assume all the unpaid bills of the partnership; that at that time the partnership was indebted to Union Radiator Company in the sum of $1325; that an action in assumpsit was instituted against the partnership to the above-stated number and term; service of summons was accepted for Pritts by his attorney and an affidavit of defense and plaintiff's reply filed, and on

motion for want of a sufficient affidavit of defense judgment was entered accordingly.

Thereupon Pritts paid the said judgment to National Radiator Corporation, the use-plaintiff, took an assignment thereof and issued a fi. fa. thereon against his former partner, Miles, who in his petition for a rule to open said judgment avers that he had no notice of the said action against the partnership.

The right to have the judgment opened and the execution set aside as to Miles turns on the interpretation of the dissolution of partnership agreement between the partners made on January 22, 1927, which said agreement is as follows:

*"Petitioner's Exhibit 'B'*

"Know all men by these presents, That I, M. J. Miles, otherwise Milford J. Miles, of the City of Johnstown, County of Cambria and State of Pennsylvania, for and in consideration of the sum of twenty-two hundred and fifty ($2250.00) dollars, lawful money of the United States to me in hand paid by Ernest E. Pritts, of like residence, the receipt whereof is hereby acknowledged, have granted, bargained, sold, transferred and set over, unto the said Ernest E. Pritts, all my right, title and interest of, in and to the said Ernest E. Pritts, under the name of Pritts and Miles, including all my right, title and interest in all property of said partnership including accounts receivable, stock in trade, and all property of every description, the said Ernest E. Pritts as part of the consideration of this purchase, agreeing to assume and pay all unpaid bills of the partnership, and to be entitled to all its property.

"In witness whereof, I have hereunto set my hand and seal this 22nd day of January, A. D. 1927.

"M. J. MILES        (Seal)

"Witness:"

Following the execution of the aforesaid agreement, due notice of the dissolution was published in the Johnstown Tribune, and the continuing partner, Pritts, took over the business and remained in sole possession thereof. Under the terms of the dissolution agreement Pritts undertook to pay the debts of the partnership. One of the debts was that due Union Radiator Company, for which collateral in the form of assignments of several claims due the partnership was made, sufficient in amount, if realized, to pay the debt in full, but which failed so to do owing to the insolvency of one Leo Mulvehill, the amount of the judgment obtained to the use of National Radiator Corporation representing the deficiency in the Mulvehill account.

A partner's engagement to assume and pay the firm debts is considered as a mere personal contract which is substituted for the equity or lien which the partner usually possesses. In a sale by one partner to his copartner, the latter engaging to pay the partnership debts, the engagement to pay is a personal contract, and creates no lien on the property in favor of the partnership creditors: Baker's Appeal, 21 Pa. 76.

In the petition for the rule to show cause why judgment should not be opened there is no allegation of fraud, accident or mistake, nor that there was omitted from the writing by fraud, accident or mistake any material matter, nor does the said petition set up a parol or contemporaneous agreement as to the inducement to the said partnership settlement. This being the case, the entire contract between the parties is to be found within the four corners of the agreement of dissolution, and as part of the consideration for the assignment to the continuing partner of the assets of the firm was that such continuing partner assume and pay all unpaid bills of the partnership, of which the unpaid balance due Union Radiator Company was one, it follows that it became the duty of

the said continuing partner, Pritts, to carry out the terms of his contract: Gianni v. R. Russell & Co., Inc., 281 Pa. 320.

This being the case, Pritts has no legal warrant to recover from his former partner, Miles, any part of the debt due Union Radiator Company, now to the use of National Radiator Corporation, which he was obliged to pay under the terms of his dissolution agreement.

. The petition for the rule to open the judgment and stay the execution is accordingly made absolute this 18th day of April, 1932.

From Henry W. Storey, Jr., Johnstown, Pa.